[Civ. No. 10825. Second Appellate District, Division Two.—February 21, 1936.]

TUX GINGER ALE CO., LTD. (a Corporation), et al., Appellants, v. JAMES E. DAVIS, as Chief of Police, etc., et al., Respondents.

Louis Feinstein, Philip N. Krasne and Leon Kaplan for Appellants.

Ray L. Chesebro, City Attorney, Newton J. Kendall, Assistant City Attorney, and Bourke Jones and John L. Bland, Deputies City Attorney, for Respondents.

GOULD, J., *pro tem.* — Plaintiffs, manufacturers and vendors of various alcoholic concoctions denominated ''Tux

Whiskey Stinger'', ''Kicks Highball'', ''Silver Punch'' and the like, unsuccessfully prosecuted this action against the city of Los Angeles, its chief of police and city attorney to restrain them from making threatened arrests of plaintiffs for alleged violations of the State Liquor Control Act in selling said beverages under the guise of ''wine''. As the law stood at the time the action was brought, it prohibited the consumption on the premises where sold of all alcoholic beverages except wines and beer. To meet that situation plaintiffs had secured from the state board of equalization permission in writing approving the sale of the above-mentioned products in establishments holding ''On Sale'' licenses for beer and wine, apparently upon the theory on the part of the board that they were properly classifiable as wines.

Since the appeal herein was taken a constitutional amendment of November 6, 1934 (first numbered sec. 22, art. XX), permitting the sale and consumption on the premises of ''all intoxicating liquors'', has rendered moot the main questions involved, leaving for consideration only the point as to whether the beverages named may be classified by the state board of equalization as ''wines'', thus permitting their sale at establishments holding a ''beer and wine'' license, or whether they may be sold only at establishments holding a license for the sale of intoxicating liquors.

Wine is defined by the Liquor Control Act (Stats. 1935, sec. 2, chap. 330) as ''the product obtained by the fermentation of grapes or other agricultural products containing natural or added sugar, or any such alcoholic beverage fortified with grape brandy and containing not more than twenty-four per cent of alcoholic volume''. The act as it read before the amendments of 1935 defined wine as ''any alcoholic beverage obtained by the fermentation of the natural content of fruits or other agricultural products containing sugar''. (Deering's Codes, 1933 Supp., Act 3774, sec. 4[b].) A general definition of the term, gleaned from a survey of many discussions, is given thus in 40 Cyc., at page 2121: ''A fermented liquor; the fermented juice of the grape, produced by fermentation; a spirituous liquor resulting from the fermentation of grape juice; or a preparation of other fruit or vegetables by fermentation.''

Neither by the terms of the Liquor Control Act nor by legal definition, nor by common understanding of the word, can

the beverages in question here be fairly or properly designated as wines. By the admission of the pleadings the liquors sought to be sold as "wines" are a combination of wine, alcohol, flavoring and water, with the added alcohol being three times as much as the wine. The court was correct in its holding that the various mixtures were not wines, and the *dictum* of the state board of equalization to the effect that they were has no effect. The board was authorized by law to make rules and regulations "pursuant to the provisions of this [liquor control] act". The act itself defines what constitutes wine, and a ruling contrary to the terms thereof is ineffective.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.