[Civ. No. 11415. Second Appellate District, Division Two.—June 28, 1937.]

THE PEOPLE, Appellant, v. TUX WINERY COMPANY (a Corporation), Respondent.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Benjamin J. Goodman for Respondent.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendant after the trial court granted defendant's motion for a nonsuit in an action to collect an excise tax on distilled spirits.

The essential facts are these:

Defendant manufactures beverages containing ingredients as set forth in the following formulas:

### A.

BOURBON HIGH BALL

| | | |
|---|---|---|
| Prune Juice | \2 | gallons |
| Water | 21 | gallons |
| Sugar | 300 | pounds |
| Ginger Extract | 50 | ounces |
| Concentrated Angostura Essence | 3 | ounces |
| 50–50 Solution Citric Acid | 3½ | gallons |
| Vanilla Extract | 6 | ounces |
| Caramel | 20 | ounces |
| Bourbon Whiskey Flavor | 8 | gallons |
| Alcohol | 78 | gallons |

### B.

FORMULA No. 16

OLD FASHION 30 Proof

26–¾ gallons of Syrup

52.40 gallons of Fruit Spirit, 187 proof

5½ oz. Bourbon Whiskey Flavor

2½ gallons of Pineapple Juice

5½ gallons of Lemon Juice

C.

FORMULA No. 17
 HIGHBALL 30 Proof
 34–¾ gallons of Syrup
 52.40 gallons of Fruit Spirit, 187 proof
 6½ oz. Bourbon Whiskey Flavor

D.

FORMULA No. 18
 LIME FIZZ 30 proof
 34–¾ gallons of Syrup
 52.40 gallons of Fruit Spirit, 187 proof
 2½ oz. of Juniper Oil
 2½ oz. of Ginger Flavor

Defendant claimed that its product was not subject to the tax on distilled spirits but to the tax on sparkling wine, which it paid. It was stipulated that, if its product was subject to distilled spirits tax, there was due plaintiff the sum of $585.91.

The only questions presented for determination are these:

*First: Is a mixture of prune juice, water, sugar, ginger extract, angostura essence, 50–50 acid, vanilla, caramel, bourbon whiskey flavor and alcohol a "distilled spirit", as defined by the Alcoholic Beverage Control Act, and taxable as such?* (*Formula A, supra.*)

*Second: Is a mixture of fruit juice, brandy, bourbon whiskey flavoring, pineapple juice, lemon juice, prune juice, distilled water, sugar, ginger extract, angostura bitters, vanilla, and 50–50 acid a "distilled spirit", as defined by the Alcoholic Beverage Control Act, and taxable as such?* (*Formulas B, C, and D, supra.*)

*Third: Did the complaint fail to state a cause of action because of the absence of allegations that (a) sales were made in the state of California, and (b) plaintiff had failed to comply with sections 26, 27, and 31 of the Alcoholic Beverage Control Act?*

The first and second questions must be answered in the affirmative. This court in *Tux Gingerale Co., Ltd.,* v. *Davis,* 12 Cal. App. (2d) 73 [54 Pac. (2d) 1122], held that alcoholic concoctions which were the result of mixtures such as those in the formulas set forth, *supra,* could not by legal definition nor common understanding of the word be termed wines. We see no reason to deviate from our former opinion. The beverages in question were subject to the tax

on distilled spirits, since, not being wine and admittedly containing brandy or its equivalent, they came within the definition of distilled spirits as set forth in the Alcoholic Beverage Control Act, section 2 (d) and 2 (e), which so far as material here reads as follows:

"'Distilled spirits' means . . . spirits of wine, . . . brandy . . . including all dilutions and mixtures thereof."

█ The third question must be answered in the negative for the reasons that (a) in the absence of a special demurrer the complaint sufficiently alleged sales in the state of California, and (b) the procedure outlined in section 26, 27 and 31 of the Alcoholic Beverage Control Act is inapplicable to the collection of a tax on distilled spirits but applies solely to the collection of a tax on beer and wine.

For the foregoing reasons the judgment is reversed.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1937.